IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KANL, LLC, | No. 3:13-CV-265 |
| Plaintiff, | DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A) |
| v. | |
| SAVAGE SPORTS CORPORATION; and EXTREME TECHNOLOGIES, INC. (d/b/a BOWTECH, DIAMOND ARCHERY and WATERDOG SURFACE TECHNOLOGIES), | |
| Defendants. | |

## I. INTRODUCTION AND RELIEF REQUESTED

Tennessee has no meaningful interest in this lawsuit. Substantially all of the witnesses and documents relating to the allegations in the complaint are in Oregon, not Tennessee. Defendant Extreme Technologies, Inc. ("Bowtech"), which designed, manufactured, and sold the accused design, is headquartered in Oregon. Bowtech has no presence in Tennessee other than having some of its products sold there by independent distributors. Defendant Savage Sports Corporation ("Savage") was formerly the parent corporation of Bowtech and is a Delaware Corporation having its principal place of business in Massachusetts. Like Bowtech, Savage has no presence in Tennessee other than having some of its products sold there through independent distributors. The inventor named in the patent in suit, David R. Budd, and the company to which he originally assigned his patent were both based in Michigan at the time the patent issued and appear to still reside there.

The only tie that this case has to Tennessee is that Plaintiff is based there. But few of the witnesses and documents, and none of the important evidence, are in Tennessee. Accordingly, Defendants hereby move this Court for a transfer of venue pursuant to 28 U.S.C. § 1404(a). Oregon will provide a more convenient forum and a faster path to trial.

## II. FACTS

Plaintiff alleges that Bowtech made, sold, offered to sell, or used various archery bows that infringe Plaintiff's patent. Bowtech's corporate headquarters are located in Eugene, Oregon, employing over 150 Oregon residents. Declaration of Ronald P. Johnson in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Johnson Decl.") at ¶ 2. All of the company's operational and administrative functions occur at the headquarters building. *Id*. The accused products were designed and manufactured in Eugene, under license from a patentee who is based in Connecticut. *Id*. at ¶¶ 3, 4. The marketing and sales of the accused products were planned and

overseen by personnel in Eugene. *Id*. at ¶ 3. Bowtech has no presence in Tennessee other than having some of its products sold there through independent distributors. *Id*. All of the Bowtech witnesses and all pertinent documents possessed or controlled by Bowtech are in Oregon. *Id*.

The accused bows were manufactured under license from Ralph J. Mancini. *Id*. at ¶ 4. Mr. Mancini, who apparently resides in Connecticut, developed and patented a bow coating called In Velvet that was applied to the bows accused of infringement at Bowtech's Eugene manufacturing facility. *Id.* The Mancini license has been terminated, and Bowtech is no longer manufacturing or selling products having the In Velvet coating. *Id*.

Defendant Savage was formerly a parent of Bowtech but has nothing to do with the archery business. Johnson Decl. at ¶ 5; *see also* Declaration of Peter E. Heuser ("Heuser Decl."), Ex. A. Savage is a Delaware corporation with a principal place of business in Massachusetts and has no presence in Tennessee other than having some of its products sold there through independent distributors. *Id*.

The patent in suit identifies the inventor David R. Budd as residing in Michigan, and identifies the original owner of the patent as a Michigan company Production Solutions, Inc. *See* Complaint, Ex. B (U.S. Patent No. 7,383,834). Investigation of publicly available information indicates that Mr. Budd resides in Michigan. Declaration of Deric Luoto in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). ("Luoto Decl.") at ¶¶ 2–4.

Over a 12-month period ending September 30, 2012, the median time interval for trials conducted by district and appellate judges in the Eastern District of Tennessee was 27.3 months. *See* Heuser Decl., Ex. B (United States District Courts—Median Time Intervals from Filing to Trial for Civil Cases in Which Trials Were Completed, by District, During the 12-month Period Ending September 30, 2012). In contrast, the median time interval for such trials in the District

3

of Oregon was 21.0 months. *Id*.

### III. EVIDENCE RELIED UPON

1. Declaration of Ronald P. Johnson in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a);

2. Declaration of Deric L. Luoto in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a);

3. Declaration of Peter E. Heuser in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a); and

4. Court records and files therein.

### IV. ARGUMENT AND AUTHORITY

"[A] district court may transfer any civil action to any other district or division where it might have been brought…." 28 U.S.C. § 1404(a).[1] This statute "place[s] discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In enacting this section, Congress intended to remedy the problem of inconvenient forums by authorizing easy transfer of actions to a more convenient federal forum. 17 MOORE'S FEDERAL PRACTICE–CIVIL § 111.11 (Matthew Bender & Co., Inc. 2013) (citations omitted) ("MOORE'S"). The statute was intended to allow an "easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reno*, 454 U.S. 235, 254 (1981) (citation omitted). Its purpose is to prevent the waste of time, energy,

---

[1] A case involving alleged patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The instant case could therefore have been brought in the United States District Court for the District of Oregon.

4

and money. MOORE'S at § 111.11 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)). It is also intended to protect the public against unnecessary inconvenience and expense. *Id.*

"A motion to transfer venue should be granted upon a showing that the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (citation omitted). Accordingly, this Court is empowered to transfer the case if (1) the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice, and (2) the proposed transferee district is one in which the action might originally have been brought. MOORE'S at § 111.11 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 615 (1964) and *In re Joint Eastern & Southern Dists. Asbestos Litigation*, 22 F.3d 755, 762 (7th Cir. 1994)).

The Sixth Circuit has held that this provides district courts with "broad discretion to determine when party convenience or the interest of justice makes a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (internal quotations omitted). A motion to transfer should be granted when the balance weighs strongly in favor of the defendant, even though the plaintiff's choice of forum should rarely be disturbed. *Id.* The courts will give substantial weight to a plaintiff's choice of forum. *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 887–888 (N.D. Ohio 1999). But the plaintiff's choice of home forum is not a dispositive factor. *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 833 (6th Cir. 2009). Courts have held as follows:

> Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum. [ ] In patent infringement actions, the preferred forum is "that which is the center of gravity of the accused activity." [ ] The district court "ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." [ ]

5

*Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256 (W.D. Wash. 2005) (citations omitted). Courts have greater discretion to transfer a case under § 1404(a) than on a motion to dismiss for forum non conveniens. *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 n.13 (10th Cir. 2010).

In the present case, Plaintiff's allegations focus on activities for which the center of gravity would be in Oregon. The only documents and witnesses that are not in Oregon are the named inventor, who is apparently in Michigan, and the individual who licensed the accused technology to Bowtech, who resides in Connecticut. There will be few if any documents or witnesses other than Plaintiff's principals who are in Tennessee. Based upon all of the foregoing evidence and factors, Plaintiff's choice of forum should be given little or no deference.

### A. This matter could originally have been brought in the United States District Court for the District of Oregon.

The United States District Court of the District of Oregon has subject matter jurisdiction because this is a patent dispute. *See* 28 U.S.C. §§ 1331, 1338(a). Under 28 U.S.C. § 1400(b), Defendants are subject to personal jurisdiction, because they reside and do business in the State of Oregon. *See* Johnson Decl. at ¶¶ 2–4, 7.

Therefore, the Court may entertain this motion to transfer venue and consider multiple factors to determine whether the proposed forum of Oregon better serves convenience and the interests of justice. As discussed below, both convenience and the interests of justice strongly favor transfer.

### B. Venue should be transferred because the parties will obtain a faster, more efficient trial in Oregon, where most of the pertinent witnesses and documents are situated.

When a district court is deciding a motion to transfer venue, it should consider "the private interests of the parties, including their convenience and the convenience of potential

witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006). This Court has broad discretion to determine whether to transfer the case. *See Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Resolution of such a motion requires a "flexible and individualized analysis." *Stewart Org.*, 487 U.S. at 29. Such motions are determined "upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citation omitted). There is no definitive formula or list of factors, and courts have considered many variants of the private and public interests involved in venue transfer. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995).

When a district court is deciding a motion to transfer venue, it should consider "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006). As to the private factors, the Sixth Circuit has stated as follows: "In weighing private factors, the district court should consider the ease of access to evidence, ability to obtain witness attendance, and practical problems such as ease, expeditiousness, and expense." *Wong*, 589 F.3d at 833 (affirming district court's decision not to give deference to the plaintiffs' choice of home forum).

The Sixth Circuit has referred to the following public factors in examining a motion to transfer venue:

> The public factors include court congestion, local interest in the matter, interest in having the trial at home with the law that governs, avoidance of conflict-of-law problems or application of foreign law, and unfairness in burdening local citizens with jury duty.

7

*Wong*, 589 F.3d at 832. As discussed below, all factors favor transfer or are neutral.

### C. <u>Private factors favor transfer</u>

#### 1. <u>Ease of access to evidence and the ability to obtain witness attendance</u>

Bowtech's witnesses are situated in the State of Oregon. Bowtech does not employ anyone in the State of Tennessee. Bowtech's research and development and manufacturing is in Oregon, as is its headquarters. All potential witnesses testifying from Bowtech would be in Oregon. In such instances, this factor favors transfer.

It would make little sense to try this case in a state where substantially all of the witnesses have to be subpoenaed through a commission or alternative forum process, the attorneys would have to fly across the country for depositions, hearings and trial. Such burdensome expense is unnecessary and wasteful. This factor strongly favors transfer to Oregon.

#### 2. <u>Ease, expeditiousness, and expense</u>

As discussed in the foregoing section, the location of witnesses and evidence (*i.e.*, Oregon) will result in great and unnecessary expense if the case is required to be litigated in Tennessee. The location of respective counsel for the parties does not inform the analysis, as the plaintiff's attorneys are in Tennessee, and defense attorneys are in Oregon.

However, except for those few documents and information that Plaintiff might contend support its case, substantially all of the case will turn on evidence from Bowtech's witnesses, and from the inventor who apparently resides in Michigan. Transportation to Tennessee would be a wasteful exercise.

### D. <u>Public factors favor transfer</u>

#### 1. <u>Court congestion</u>

United States District Court statistics show that transferring this case to Oregon will give

8

Case 3:13-cv-00265-TAV-CCS   Document 14   Filed 09/19/13   Page 8 of 11   PageID #: 70

the parties a more expedient path to trial. The median time to trial in the Eastern District of Tennessee was 27.3 months, while the median time interval for trials in the District of Oregon was 21.0 months. Heuser Decl., Ex. B. These statistics illustrate the relative degrees of court congestion, and considering the other factors discussed herein, they indicate that the Eastern District of Tennessee should not be burdened with this patent case, considering its already full trial docket.

       2.    <u>Local interest in the matter; and burden of local citizens with jury duty</u>

Each side could argue that its citizens have some interest in the dispute. However, this alleged patent infringement case involves an Oregon company that made Oregon products, while employing over 150 Oregon residents. KANL does not manufacture or sell patented products in Tennessee, and has few employees who are residents of Tennessee. The center of gravity and local interest in this matter favors Oregon.

       3.    <u>Interest in having the trial at home with the law that governs; and avoidance of conflict-of-law problems or application of foreign law</u>

These factors are inapplicable, because this is a case involving allegations of patent infringement, which is governed by federal law. As such, the analysis is not aided by considering the factor of having a trial in a particular locale for the application of that state's law.

Similarly, because the federal law of patents governs the allegations in the Complaint, there do not appear to be any conflict-of-law problems or opportunities for the application of foreign law. Although the various districts have different local rules, they both follow the Federal Rules of Civil Procedure. Therefore, this factor is neutral.

## V.   CONCLUSION

As discussed above, Defendants have no meaningful connection with Tennessee. The

9

Case 3:13-cv-00265-TAV-CCS   Document 14   Filed 09/19/13   Page 9 of 11   PageID #: 71

claims have no unique connection to Tennessee. Tennessee has no real interest in this case.

Other than the principals of KANL, none of the likely witnesses resides in Tennessee, and few of the documents are located there. This Court should transfer the case to Oregon, where Bowtech is headquartered—and where substantially all of the evidence is—so that this case can proceed efficiently, conveniently, and expeditiously.

Dated this 19th day of September, 2013.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: s/Colin Folawn
 Peter E. Heuser, *pro hac vice*
 Email: pheuser@schwabe.com
 Colin Folawn, *pro hace vice*
 Email: cfolawn@schwabe.com
 Schwabe, Williamson & Wyatt, P.C.
 1211 SW 5th Ave., Suite 1900
 Portland, OR 97204
 Telephone: 503.222.9981
 Facsimile: 503.796.2900
 *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2013, a copy of the foregoing **DEFENDANT EXTREME TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

s/Colin Folawn
Colin Folawn

PDX\123479\191664\CJF\12059712.2